UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | * | CRIMINAL ACTION |
|---|---|---|
| | * | |
| versus | * | No. 13-151 |
| | * | |
| WALTRELL KNOX | * | SECTION "L" |

## ORDER & REASONS

Pending before the Court is Watrell Knox's motion for compassionate release. R. Doc. 887. The government opposes the motion. R. Doc. 891. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

On October 24, 2013, Waltrell Knox appeared before the Court and pleaded guilty to counts one, five, and seven through sixteen of an Indictment charging him with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841, and use of a communication facility in commission of a drug offense in violation of 21 U.S.C. § 843(b). R. Doc. 293 at 1. On June 5, 2020, Mr. Knox was sentenced to one-hundred and thirty-five months in the custody of the Bureau of Prisons. R. Doc. 293 at 2. A five-year term of supervised release and a $1,200 special assessment fee were also imposed. R. Doc. 293 at 3, 5. On December 22, 2015, the Court granted Mr. Knox's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence to 120 months. R. Doc. 663.

## II. PENDING MOTION

Mr. Knox has filed the instant *pro se* motion seeking compassionate release in light of the ongoing global outbreak of COVID-19. R. Doc. 887. Mr. Knox explains that although he follows all recommended protective procedures, "the virus is still active" in Forrest City Medium Federal Correctional Institution. He further notes that he has enrolled in the Presidential Drug Abuse Program and that, having "changed a lot for the better in the last seven years," he "would like a chance to reenter to society while [he is] still healthy."

The government opposes the motion on the grounds that Mr. Knox has failed to exhaust his administrative remedies and failed to establish that he meets the criteria necessary to justify compassionate release. R. Doc. 891.

## III. LAW & DISCUSSION

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c).

The statute clearly provides that inmates must pursue their administrative remedies before seeking judicial relief, either by exhausting all appeal rights regarding the failure of the BOP to move for compassionate release on the inmate's behalf or waiting thirty days from the making of such a request to the prison warden. Courts in this district have generally recognized that this exhaustion requirement is mandatory. *See, e.g., United States v. James*, CM/ECF No. 13-85, R. Doc. 95 at 12 (E.D. La. Apr. 16, 2020) (denying compassionate release for failure to exhaust administrative remedies and observing that "[t]his Court agrees with the overwhelming majority

2

of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any exceptions.") (collecting cases); *United States v. Celestine*, CM/ECF No. 18-83, R. Doc. 133 at 3 (E.D. La. Apr. 13, 2020) ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the [First Step Act].").

Courts in other jurisdictions have similarly concluded that a defendant must comply with the statutory text of § 3582(c)(1)(A) before filing a motion with the sentencing court, even in light of the ongoing global outbreak of COVID-19. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that defendant must comply with the § 3582(c)(1)(A) requirement that the BOP have 30 days to consider his request for compassionate release, or that he receive an adverse decision by the BOP constituting administrative exhaustion during that time period); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Reeves requests."); *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (rejecting defendant's argument that 30-day requirement should be ignored during COVID-19 crisis); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (rejecting COVID-19 compassionate-release request "[b]ecause defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)"); *United States v. Williams*, No. JKB-15-0646, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying relief based on COVID-19 because "§ 3582(c)(1)(A) mandates that the

defendant exhaust his or her administrative remedies prior to seeking relief in this Court").

The exhaustion requirement does not appear to be satisfied here, as Mr. Knox has not made any reference to filing an internal request for compassionate release with the warden of his facility as § 3582(c) clearly requires. Additionally, the government avers this requisite step has not been taken. R. Doc. 891 at 15. Accordingly, the Court concludes that Mr. Knox, who bears the burden of proof on this issue, has not demonstrated that he is entitled to seek relief from the Court at this juncture.

While some courts have recognized that futility may excuse the failure to exhaust administrative remedies, especially in light of "unique circumstances and the exigency of a rapidly advancing pandemic," *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020), other have remained faithful to the statutory text and rejected similar arguments, *see, e.g.*, *Eberhart*, 2020 WL 1450745, at *2. Even if courts can waive the exhaustion requirement when pursuing administrative remedies would be futile, Mr. Knox has not even alleged, let alone demonstrated, that taking such steps would be futile in his case. The Court recognizes the dire situation within federal correctional institutions in this unprecedented situation but notes that the BOP has implemented a number of COVID-19-related protocols aimed at protecting inmates and staff. R Doc. 424 at 14. The Attorney General has instructed the BOP to prioritize home confinement[1] and has specifically expanded opportunities for home release in light of the virus.[2] Furthermore, allowing the BOP to evaluate the merits of Mr. Knox's request for compassionate release before directing the motion to the Court is an efficient use of judicial

---

[1] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.
[2] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

resources, as the BOP is in the best position to understand both the specific threat posed to Mr. Knox's health by the virus' spread within the facility and the potential consequences of his early release. Although the Court recognizes the urgency of Mr. Knox's request, it lacks the authority to defy the statutory mandate.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Mr. Knox's motion for compassionate release, R. Doc. 887, is **DENIED** without prejudice to his right to re-file the motion once the applicable administrative remedies have been exhausted.

New Orleans, Louisiana this 12th day of June, 2020.

                                                Eldon E. Fallon
                                      United States District Judge